PROB 12C
(Rev. 2011)

# United States District Court
## for
## Middle District of Tennessee
## Superseding Petition for Warrant or Summons for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 124]

Name of Offender: <u>David Dwight Martin</u>  Case Number: <u>3:09-00286-01</u>

Name of Current Judicial Officer: <u>The Honorable Aleta A. Trauger, U.S. District Judge</u>

Name of Sentencing Judicial Officer: <u>The Honorable William J. Haynes, Jr., Senior U.S. District Judge</u>

Date of Original Sentence: <u>June 14, 2010</u>  Date of First Revocation Sentence: <u>April 27, 2017</u>

Original Offense: <u>18 U.S.C. § 922(g)(1): Count One- Felon in Possession of a Firearm</u>

Original Sentence: <u>64 months' imprisonment, followed by 3 years' supervised release</u>

First Revocation Sentence: <u>3 months' custody at Diersen Charities, followed by supervised release for balance of term imposed</u>

Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>February 2, 2015</u>

Date Supervision Recommenced Following Tolled Term of Supervised Release: <u>April 7, 2016</u>

Second Date Supervision Recommenced: <u>June 6, 2017</u>

Assistant U.S. Attorney: <u>Babasijibomi A. Moore</u>  Defense Attorney: **James William Price, Jr.**

## PETITIONING THE COURT

__X__  To Issue a Warrant/ The Consideration of Additional Information.

## THE COURT ORDERS:

☒ The Issuance of a Warrant/The Consideration of Additional Violations/Information
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ No Action
☐ The Issuance of a Summons

Considered this ___ day of
_____, 2017, and made a part of the records
in the above case.

_____
Honorable Aleta A. Trauger
U. S. District Judge

I declare under penalty of perjury that
the foregoing is true and correct.

Respectfully submitted,

_____
Dariel Blackledge
Sr. U.S. Probation Officer

Place:  Nashville, Tennessee

Date:  July 26, 2017

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. **124** has been amended as follows:

**Face sheet:** Updated defense counsel name
**Violation Nos. 1-2:** Added to reflect additional positive drug screens, failure to report as instructed
**Violation No. 3:** Added to reflect failure to verify employment
**Compliance with Supervision Conditions and Prior Interventions, Update on Offender Characteristics, and U.S. Probation Officer Recommendation:** Updated to reflect new activity, status, and recommendation.

The probation officer believes that the offender has violated the following condition(s) of supervision:

<u>Violation No.</u>  <u>Nature of Noncompliance</u>

1.  **The defendant shall refrain from any unlawful use of a controlled substance:**

    On June 23, 2017, Mr. Martin reported to the U.S. Probation and Pretrial Services Office and submitted a drug screen that was submitted to Alere Laboratories, Gretna, Louisiana, and confirmed positive for the presence of cocaine. Mr. Martin admitted that on or about June 21, 2017, he used cocaine.

    **On July 12, 2017, the offender reported to the U.S. Probation and Pretrial Services Office and submitted a diluted drug screen that was sent to Alere Laboratories, Gretna, Louisiana, and confirmed positive for the presence of marijuana and cocaine. Mr. Martin admitted that on July 8, 2017, he used marijuana and cocaine.**

    **On July 21, 2017, Mr. Martin reported to the U.S. Probation and Pretrial Services Office and submitted a drug screen that was sent to Alere Laboratories, Gretna, Louisiana, and confirmed positive for the presence of marijuana and cocaine. The offender denies he used either substance.**

2.  **The defendant shall follow the instructions of the probation officer:**

    On June 21, 2017, the offender was instructed to report to the U.S. Probation and Pretrial Services Office the following day. On June 22, 2017, at 07:48 a.m., Mr. Martin sent a text message to this officer advising he was at the emergency room with his son, whom he presumed had a virus. This officer directed the offender to provide a doctor's note to the U.S. Probation Office no later than 3:30 p.m. Mr. Martin failed to comply with this directive.

    On June 23, 2017, Mr. Martin reported to the U.S. Probation Office and provided a discharge summary for his 13-year-old son, DB, from Skyline Hospital, Nashville, Tennessee, indicating he was discharged from the facility on June 22, 2017, at 8:00 a.m.

> On July 14, 2017, the supervising officer sent a letter to Mr. Martin instructing him to report to the U.S. Probation and Pretrial Services Office on July 18, 2017. He failed to report on this date. Additionally, on July 25, 2017, this officer sent a text message to the offender instructing him to report to the U.S. Probation and Pretrial Services Office at 2:00 p.m. It is noted Assistant U.S. Attorney Babasijibomi Moore and the supervising officer both spoke with defense counsel on this date and requested that he ask Mr. Martin to contact this officer immediately. As of this writing, Mr. Martin has failed to contact this officer.

3. **Shall work regularly at a lawful occupation unless excused by the probation officer:**

> Mr. Martin has failed to provide proof of employment to his supervising officer as requested. Additionally, several employment contacts have been attempted, during which time Mr. Martin was not present.

**Compliance with Supervision Conditions and Prior Interventions:**

On February 2, 2015, Mr. Martin commenced federal supervision in the Middle District of Tennessee. He tested positive for marijuana on three occasions, and the U.S. Probation Office requested the Court modify Mr. Martin's special conditions.

On March 6, 2015, then Honorable Senior U.S. District Judge William J. Haynes, Jr., imposed a special condition ordering the offender to complete a substance abuse assessment and participate in drug treatment, if deemed appropriate.

On April 28, 2015, the offender was arrested for Domestic Violence in Davidson County, Tennessee. The charge was dismissed. However, on June 17, 2015, Mr. Martin's state parole was revoked, and his supervised release was tolled. On April 7, 2016, Mr. Martin's state sentence expired, and his term of supervised release recommenced.

On April 18, 2016, the offender reported to the U.S. Probation and Pretrial Services Office for his initial intake appointment. As previously noted, he tested positive for cocaine and marijuana. Mr. Martin was placed in the code-a-phone program for substance abuse testing. He was also referred to Centerstone for a substance abuse assessment and informed that he would be required to follow any treatment recommendations.

Beginning on May 11, 2016, and continuing through December 6, 2016, several petitions were submitted to then Honorable Chief U.S. District Judge Kevin H. Sharp, notifying the Court of Mr. Martin's positive drug tests for marijuana and cocaine, his failure to appear for drug testing, his arrest for a traffic violation, his failure to report law enforcement contact, and his failure to follow the supervising probation officer's instructions.

On December 13, 2016, the offender failed to report to the probation office as instructed for execution of the federal warrant. Mr. Martin remained at-large until February 16, 2017, when he was taken into custody by Metropolitan Nashville Police Department officers.

On February 28, 2017, the federal arrest warrant was executed, and on March 3, 2017, preliminary and detention hearings were held by U.S. Magistrate Judge Joe B. Brown. Mr. Martin was ordered detained pending revocation proceedings scheduled before then Chief U.S. District Judge Kevin H. Sharp. Due to Judge Sharp's retirement, this case was transferred to Your Honor.

On April 27, 2017, a revocation hearing was held, and Mr. Martin pled guilty to Violations No. 1, 3, 6, 7 & 9 of the Fifth Superseding Petition. Violation No. 2 was dismissed, and the Court did not find Mr. Martin guilty of Violation Nos. 4-5, and 8. Mr. Martin was ordered to serve 3 months' community confinement at Diersen Charities, followed by the remaining term of his supervised release.

Mr. Martin was not designated and thus did not reside at Diersen Charities. On June 6, 2017, the Court granted the parties' agreed motion to amend Mr. Martin's sentence to time served, and he was released from Bureau of Prison's custody.

**On June 27, 2017, a petition was submitted notifying the Court that the offender submitted a drug screen that was positive for cocaine and that he also failed to report as instructed. Said petition was signed by Your Honor on the same date, and a Summons was issued.**

**On July 12, 2017, the Summons was executed, and an Initial Appearance was held before U.S. Magistrate Judge Jeffery S. Frensley. Mr. Martin was ordered released on the previously imposed conditions of supervised release.**

**A revocation hearing is currently scheduled for August 30, 2017, at 1:00 p.m.**

<u>Update on Offender Characteristics:</u>

**David Dwight Martin reportedly is a resident of Montgomery County, Tennessee, and he lives with his mother and son. Mr. Martin reports employment with Fannie Mae's Hot Chicken, Nashville, Tennessee. It is noted the offender's residence and employment are unverified. The probation officer has unsuccessfully attempted frequent surprise home visits at the offender's residence. Mr. Martin has not participated in the code-a-phone program for substance abuse testing, which subjects him to random drug screen testing. He has not completed the referral paperwork for group substance abuse counseling at Evelyn Frye Clinical Associates, Nashville, Tennessee, in that he has failed to maintain contact with this officer.**

<u>U.S. Probation Officer Recommendation:</u>

**Since Mr. Martin's release from custody on June 6, 2017, he has submitted three positive drug screens, admitted to smoking marijuana and using cocaine, has failed to report to the U.S. Probation Officer as instructed, and has failed to maintain a verifiable residence. Therefore, the U.S. Probation and Pretrial Services Office opines Mr. Martin exhibits disregard for the conditions of supervision imposed by the Court and is not amenable to supervision. Therefore, it is respectfully requested that the Court issue a warrant for Mr. Martin's arrest, and that the additional violations and information be considered at Mr. Martin's pending revocation hearing.**

**The U.S. Attorney's Office has been advised of the offender's noncompliance and concurs with this recommendation.**

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. DAVID DWIGHT MARTIN, CASE NO. 3:09-00286-01

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 2 years (Class C felony) <br> *18 U.S.C. § 3583(e)(3)* | 6-12 months <br> *U.S.S.G. § 7B1.4(a)* | 12 months |
| **SUPERVISED RELEASE:** | 3 years less any term of imprisonment <br> *18 U.S.C. § 3583(h)* | 1-3 years <br> *U.S.S.G. § 5D1.2(a)(2)* | None |

**Statutory Provisions:** Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection(d). 18 U.S.C. § 3583(g)(1). The Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment unauthorized under subsection (e)(3). 18 U.S.C. § 3583(g). The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** The guidelines set out in Chapter 7 of the United States Sentencing Guideline Manual are advisory. The violations listed above are Grade C violations. Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

Dariel Blackledge
Sr. U.S. Probation Officer

Approved:    Vidette Putman
Supervisory U.S. Probation Officer